UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT COLLIER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:12-cv-00105-WTL-MJD |
| ) | |
| SUPERINTENDENT, Wabash Valley ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Robert Collier for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Collier is a state prisoner serving the executed portion of a sentence imposed in 2000 after pleading guilty to child molesting and being a habitual offender. Collier was sentenced according to his plea agreement on November 3, 2000. Collier did not appeal at that time.

Collier now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). Collier signed

his petition on May 7, 2012, and his petition was filed with the clerk of the court on May 8, 2012. Collier's custodian has appeared in the action on behalf of the State of Indiana and argues that the habeas petition was not timely filed. Collier has replied. Throughout the case, Collier has been concerned that the proper record from the state courts be filed. That has occurred. However, because the respondent's argument is a procedural one, the proper record does not include the record of the trial.

## II. Discussion

### A. Applicable Law

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. Under ' 2244(d)(1), the statute of limitations for ' 2254 petitions is one year. See 28 U.S.C. ' 2244(d)(1)(A)-(D). Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### B. Analysis

Collier's conviction was "final" for purposes of the AEDPA on December 3, 2000. See *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). This was the last day on which Collier could have sought direct review of the sentencing court's discretion in imposing his sentence. Collier had one year from that date, or December 3, 2001, to seek federal

habeas relief.

Collier filed an action for post-conviction relief on August 20, 2007, which was denied on September 7, 2007, in No. 49F159608PC124576. However, that action related to a 1997 possession of cocaine conviction, not to the 2000 child molestation and habitual offender plea and sentence. Even if this was a properly filed petition for post-conviction relief, Collier's AEDPA clock would restart on October 7, 2007. Applying the prison mailbox rule, Collier's habeas petition can be considered to have been "filed" on May 7, 2012, the date it was signed *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999). That date was more than 4½ years after the statute of limitations had expired. Because of this, the post-conviction activity is not relevant to the analysis. *Teas v. Endicott*, 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz*, 208 F.3d 357, 361 (2d Cir. 2000). Collier's habeas petition was filed long after the statute of limitations expired. Accordingly, the AEDPA's 1-year statute of limitations requires dismissal of Collier's petition.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992)

(O'Connor, J., dissenting) (internal citations omitted). In this case, Collier has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed. Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Collier has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/01/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Robert Collier
#862379
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838